UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE CONNOR, | No. C 07-4805 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN STEINBERG; PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendants. | |

Tyrone Connor, an inmate at the California State Prison - Sacramento in Folsom, has filed a pro se civil rights action under 42 U.S.C. § 1983. The action was originally filed in the Eastern District but was transferred to this district. In his complaint, Connor alleges two claims: (1) attorney Steinberg filed an opening brief on appeal without Connor's consent that implicated him in the murder of his wife, in violation of his Sixth Amendment and Fourteenth Amendment rights, and (2) the People of the State of California "violated my constitutional rights by convicting me of a murder no one saw me commit." Complaint, p. 2. The complaint and an exhibit indicate that these events occurred in his criminal case in Los Angeles County Superior Court. Connor seeks money damages on his complaint. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Heck rule precludes Connor from suing for damages at this time for the alleged constitutional violations in connection with his criminal trial and appeal. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. Heck bars Connor's claims that his constitutional rights were violated by the conduct of defendants that allegedly caused him to be convicted and lose on appeal. These causes of action for damages do not accrue until Connor's conviction is set aside.

If Connor wants to challenge his conviction in federal court and has not already done so, he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, before he may file a federal petition, Connor must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of

each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Finally, state court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law. Even if Connor's complaint was not barred by Heck, Polk County would bar him from suing his appellate attorney under § 1983 for writing an opening brief on appeal that allegedly implicated him in the murder of his wife.

This action is dismissed. This dismissal is without prejudice to Connor filing a habeas petition to challenge his state court conviction. This dismissal is also without prejudice to Connor filing a civil action for damages concerning his conviction but not unless and until his conviction is set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
SUSAN ILLSTON
United States District Judge