4/17/2008

Case # C07-4805
please file

Dear Judge Susan Illston

This is McConnor I file a Complaint on my case on what was done to me, and the Court, come at me with a dismissal you dont exspect me to fight this dismissal on my own, do you? no, am in entital to a hole lot such as a lawyer an investigater and leagal runner and much more

FILED
APR 22 2008
RECEIVED
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

APR 22 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

I am not that experience in federal law to file motion for these things but the court knows that am entital to these things it is not in the court interest to be byus in the proceeding like the court have already shown by dismissing the complaint but it is in the court interest to seek justice and to see that justice is done on the complaint and to grant me all these things am entital to, to fight the dismissal and the complaint such as a lawyer a legal runner and an investigater and all the things you know am entital to, to fight a dismissal and a complaint. Judge Susan illston I was proper so I know all the things am entital to fight a civil complaint and a dismissal judge Susan I am not that experience in federal law

to fight the dismissal but am entital to advisory Counsel and much more so please grant me what am entital to off my case. this is to the Clerk of the Court every time I write my judge I dont get Back a sign Signature response from her. this is wrong as long as Judge Susan Illston is prosiding over my case am entital to hear from her, and to get a sign Signature response from her as to my letters.

yours truly

M Connor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE CONNOR,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN STEINBERG; PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendants.<br>_____ / | No. C 07-4805 SI (pr)<br><br>**ORDER OF DISMISSAL** |

    Tyrone Connor, an inmate at the California State Prison - Sacramento in Folsom, has filed a pro se civil rights action under 42 U.S.C. § 1983. The action was originally filed in the Eastern District but was transferred to this district. In his complaint, Connor alleges two claims: (1) attorney Steinberg filed an opening brief on appeal without Connor's consent that implicated him in the murder of his wife, in violation of his Sixth Amendment and Fourteenth Amendment rights, and (2) the People of the State of California "violated my constitutional rights by convicting me of a murder no one saw me commit." Complaint, p. 2. The complaint and an exhibit indicate that these events occurred in his criminal case in Los Angeles County Superior Court. Connor seeks money damages on his complaint. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

1 or seek monetary relief from a defendant who is immune from such relief. See id. at
2 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police
3 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
5 a right secured by the Constitution or laws of the United States was violated and (2) that the
6 violation was committed by a person acting under the color of state law. See West v. Atkins,
7 487 U.S. 42, 48 (1988).

8     The Heck rule precludes Connor from suing for damages at this time for the alleged
9 constitutional violations in connection with his criminal trial and appeal. Heck v. Humphrey,
10 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a
11 wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness
12 would render a conviction or sentence invalid, unless that conviction or sentence already has
13 been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined
14 to be wrongful by, for example, being reversed on appeal or being set aside when a state or
15 federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from
16 bringing an action that -- even if it does not directly challenge the conviction or other decision --
17 would imply that the conviction or other decision was invalid. The practical importance of this
18 rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the
19 decision must have been successfully attacked before the civil rights action for damages is filed.
20 Heck bars Connor's claims that his constitutional rights were violated by the conduct of
21 defendants that allegedly caused him to be convicted and lose on appeal. These causes of action
22 for damages do not accrue until Connor's conviction is set aside.

23     If Connor wants to challenge his conviction in federal court and has not already done so,
24 he must file a petition for writ of habeas corpus because a petition for writ of habeas corpus is
25 the exclusive method by which he may challenge a state court conviction in this court. Preiser
26 v. Rodriguez, 411 U.S. 475, 500 (1973). However, before he may file a federal petition, Connor
27 must exhaust state judicial remedies, either on direct appeal or through collateral proceedings,
28 by presenting the highest state court available with a fair opportunity to rule on the merits of

each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Finally, state court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law. Even if Connor's complaint was not barred by Heck, Polk County would bar him from suing his appellate attorney under § 1983 for writing an opening brief on appeal that allegedly implicated him in the murder of his wife.

This action is dismissed. This dismissal is without prejudice to Connor filing a habeas petition to challenge his state court conviction. This dismissal is also without prejudice to Connor filing a civil action for damages concerning his conviction but not unless and until his conviction is set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
SUSAN ILLSTON
United States District Judge

3